IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN DOE, <br><br> JANE DOE <br><br>   PLAINTIFFS, <br><br> V. <br><br> **MARCO RUBIO**, *in his official capacity as Secretary of State* <br><br> **JENNIFER LARSON,** *in official capacity as Consul General U.S Consulate, Hyderabad* <br><br> **JOHN DOES #1-#10**, *in their official capacity as Consular Officers responsible for issuing visas at the U.S. Consulate Hyderabad* <br><br>   DEFENDANTS. | CIV ACTION NO.: 26-154 <br><br> **PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff-Petitioners ("Plaintiffs"), JOHN DOE and JANE DOE[1], by and through the undersigned counsel, respectfully bring this Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief to compel Defendant-Respondents ("Defendants") to adjudicate their respective H-1B and H-4 non-immigrant visa applications without further delay. In support thereof, Plaintiffs allege as follows:

**NATURE OF ACTION**

---

[1] Plaintiffs are requesting leave for permission to file by pseudonym for the reasons set forth in a separately filed motion to proceed by pseudonym.

1

1. This action seeks to compel Defendants to complete adjudication of Plaintiffs' H-1B and H-4 visa applications, which have remained pending in administrative processing at the U.S. Consulate in Hyderabad, India since Plaintiffs' visa interviews on July 8, 2025.

2. As a result of Defendants' failure to act, Plaintiffs remain stranded abroad and separated from their home, employment, medical care, and their U.S. citizen daughter's educational and therapeutic support network in Rhode Island. Plaintiffs therefore seek relief under the Administrative Procedure Act and the Mandamus Act to compel Defendants to perform their non-discretionary duty to adjudicate Plaintiffs' visa applications.

3. Defendants' failure to timely adjudicate Plaintiffs' visa applications deprives Plaintiff of their rights under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 11001 *et seq.*, and its implementing regulations, the Administrative Procedure Act ("APA"), §§ 5 U.S.C. 555, 706 and agency policy. This inaction is causing Plaintiffs concrete and particularized injury. The financial, physical, and emotional stresses that Plaintiffs have suffered because of Defendants' failure to act have exacted a significant toll on them and will not be relieved until the visa applications are adjudicated. Defendants' delay in adjudicating Plaintiffs' visa applications is unreasonable, unexplained, and is causing irreparable injury.

4. A court may grant mandamus relief if (1) the Plaintiff has a clear right to the relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the Plaintiff. *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016); *see also Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. To the United States v. Kerry,* 168 F. Supp. 3d 268 (D.D.C. 2016).

5. Here, Plaintiffs clearly meet all three of these criteria. They have fully complied with all the statutory and regulatory requirements in the visa application process. Accordingly, they have a clear right to final decisions on their visa applications. Defendants have unreasonably failed to adjudicate the visa applications within a reasonable amount of time, in dereliction of their non-discretionary duties. Plaintiffs have no alternative means to obtain relief.

## THE PARTIES

6. Plaintiff JOHN DOE is a citizen of India, and an applicant for an H-1B nonimmigrant visa currently pending at the U.S. Consulate in Hyderabad.

7. Plaintiff JANE DOE is the spouse of Plaintiff John Doe, and an applicant for an H-4 nonimmigrant visa currently pending at the U.S. Consulate in Hyderabad.

8. Defendant MARCO RUBIO is the Secretary of State and as such has supervisory control over the Department of State and its employees and agents, including US embassy and consular staff. The Department of State is an agency of the United States Government that has an integral role in the visa application and adjudication process. Defendant Rubio is sued in his official capacity.

9. Defendant JENNIFER LARSON is the Consul General of the U.S. Consulate in Hyderabad. This suit is brought against the Consul General in her official capacity, as she is responsible for oversight of all consular activities of the consulate.

10. Defendant DOES 1-10 are the consular and other officials employed by the U.S. Department of State who are responsible for non-immigrant visas at the U.S. Consulate in Hyderabad, including but not limited to holding visa interviews; coordinating with DOS for administrative processing of applications for non-immigrant visas; making final decisions on the

issuance of non-immigrant visas; issuing non-immigrant visas; and receiving, adjudicating, and making final decisions regarding applications. Their identities are not publicly disclosed by the U.S. Department of State. They are sued in their official capacities.

## JURISDICTION AND VENUE

11. This case arises under INA, 8 U.S.C. § 1101 *et seq.*; and the APA, 5 U.S.C. § 701 *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, and 2201-2202.

12. There exists an actual and justiciable controversy between Plaintiffs and Defendants requiring resolution by this Court.  Plaintiffs have no adequate remedy at law.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## STATUTORY AND REGULATORY FRAMEWORK

14. The H-1B visa is a nonimmigrant visa that allows U.S. employers to temporarily employ foreign workers in specialty occupations. INA § 101(a)(15)(H)(i)(b) and 8 C.F.R. § 214.2(h)(1)(ii)(B).  A specialty occupation is defined as requiring theoretical and practical application of a body of highly specialized knowledge in a field of human endeavor including but not limited to; biotechnology, chemistry, computing, architecture, engineering, statistics, physical sciences, journalism, medicine and health, economics, education, research, law, accounting, business specialties, technical writing, theology. 8 C.F.R. § 214.2(h)(4)(ii).

15. The process for obtaining an H-1B visa has three stages. First, the employer/petitioner must file a Labor Condition Application (LCA) for the employee with the United States Department of Labor, making relevant attestations, including attestations about wages (showing that the wage is at least equal to the prevailing wage for the occupation in the

area of employment or wages paid to others in the company in similar positions) and working conditions. 8 C.F.R. § 214.2(h)(4)(i)(B)(1).

16. Once the Labor Condition Application is approved, the employer files a Form I-129 (Petition for a Nonimmigrant Worker) requesting H-1B classification for the worker. This must be accompanied by the necessary supporting documents and fees. *See* 8 C.F.R. § 214.2(h)(4)(i)(B)(1) and 8 C.F.R. § 214.2(h)(2)(i)(F). The Department of Homeland Security is required to fully adjudicate a non-immigrant worker petition before approving it and sending it to the Department of State for visa processing. 9 FAM 402.10-7(A) and 402.10-5(A). The approved petition is prima facie evidence of entitlement to the classification sought. 9 FAM 402.10-7(B) and 402.10-5(B).

17. Once the Form I-129 is approved, if the beneficiary of the petition is residing outside of the United States, he can begin the process of applying for the H-1B visa by submitting a DS-160 Online Non-Immigrant Visa application using the approved underlying I-129 petition and supporting documents. If the beneficiary was residing inside the U.S. in another status and changed his status to H-1B, it is not necessary to leave and obtain an H-1B visa abroad. However, if at any point during his authorized stay in the U.S. the beneficiary decides to travel outside the country, to return he will need to first obtain an H-1B visa in his passport. H-1B visa renewals are required to undergo substantially the same nonimmigrant visa process as a first-time visa applicant by submitting a DS-160 online nonimmigrant visa application. 22 CFR § 41.103(a).

18. After completing the DS-160 application, filing supporting documentation, and paying applicable fees, the visa applicant is interviewed by a consular officer at the applicant's applicable U.S. Embassy or Consulate.

19. H-1B visa holders are eligible to bring their spouse and any dependent children under the age of 21 with them to the U.S. for the duration of their H-1B employment. 8 CFR § 214.2(h)(9)(iv). Derivative spouses and children are granted H-4 status and that status is entirely dependent on the status of the principal. Thus, the validity dates of the H-4 dependent are identical to the validity dates of the principal H-1B visa holder.

20. The Immigration and Nationality Act at INA 222(h) [8 USC 1202(h)] and DOS regulations at 22 CFR 41.102 govern eligibility for waivers of the visa interview requirement. This is commonly referred to as the "drop box" option, whereby the applicant submits their passport and supporting application documents to a consulate or embassy visa a drop box and the interview is waived. This process is commonly used for applicants returning to the same H-1B employment.

21. In December 2021, the Department of State expanded the interview waiver criteria for certain returning visa applicants, including H-1Bs and H-4s. Under this authority, consular officers have discretion to waive the visa interview requirement for individual petition-based H-1, H-3, H-4, L, O, P, and Q applicants who were previously issued *any* type of visa, and who have never been refused a visa unless such refusal was overcome or waived, and who have no apparent ineligibility or potential ineligibility.[2] The provision for interview waivers implicitly

---

[2] https://travel.state.gov/content/travel/en/News/visas-news/important-announcement-on-waivers-of-the-interview-requirement-for-certain-nonimmigrant-visas.html

6

recognizes that processing for returning visa applicants should be faster than first-time applicants.

22.     Once a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and its implementing regulations, the consular officer must either issue or refuse the visa.

23.     If the consular officer determines that the visa should be refused, the officer "shall provide the applicant a timely written notice" that states the basis for the denial and lists the specific provisions of the law.  INA § 212(b), 8 USC § 1182(b); 22 § CFR 41.121(b). Nonimmigrant visa refusals must be reviewed by a consular supervisor or a designated alternate "to ensure compliance with applicable laws and procedures." 22 CFR § 41.121(c).  Review must take place "on the day of the refusal or as soon as is administratively possible." *Id.*  If the reviewing officer disagrees with the decision, and has consular title and commission, he can readjudicate the case, and if not, he must consult with the Visa Office or the adjudicating officer to resolve the conflict.  *Id.*

24.     Generally, applicants for a nonimmigrant visa must demonstrate that they do not have the intention to permanently immigrate to the United States.  However, certain nonimmigrants may have both a short-term intent to leave and a long-term intent to remain permanently.  This is known as the doctrine of dual intent.  *Matter of H-R-,* 7 I&N Dec. 651, 654 (RC 1958).  The "mere desire…to obtain permanent residence in the future does not, by itself, automatically disqualify an alien from admission as a non-immigrant.  *Matter of Hosseinpour,* 15 I&N Dec. 191, 192 (BIA 1975).  Dual intent is recognized for the H visa categories.  8 CFR 214.2(h)(16).  Thus, an H-1B may apply for an extension of stay, or a new H-1B petition even if

7

an I-140 has been filed or approved, or an application for adjustment of status has been filed. 8 CFR 214.2(h)(16)(i).

## FACTUAL BACKGROUND

25. Plaintiff John Doe is a citizen of India who has lawfully lived and worked in the U.S. since approximately January 2011.

26. John Doe is employed by a major U.S. healthcare company as a Staff Data Engineer, where he designs and maintains data engineering pipelines and cloud-based data infrastructure supporting enterprise reporting and analytics systems.

27. John Doe has worked within his employer since January 2014, and his current H-1B petition remains valid through May 29, 2027.

28. Plaintiff Jane Doe is the spouse of John Doe and seeks to obtain an H-4 derivative visa based on her husband's H-1B status.

29. The Does have established their long-term home in Cumberland, Rhode Island, where they resided for more than a decade prior to the events giving rise to this action.

30. The Does have a U.S. citizen daughter, born in the U.S., who has Autism Spectrum Disorder and who receives specialized educational and therapeutic services in the U.S.

31. On June 30, 2025, John Doe, Jane Doe, and their U.S. citizen daughter temporarily departed the U.S. to travel to India.

32. The Does applied to renew their respective H-1B and H-4 visas. Their visa applications were assigned the consular case numbers AA00ET57EB and AA00ET55YV. **See Exhibit A.**

33. On July 8, 2025, the Does appeared for their visa interviews at the U.S. Consulate General in Hyderabad, India.

34. At the conclusion of the interview, the consular officer refused the visa applications under 221(g) for administrative processing and for Plaintiff John Doe to submit documentation relating to a 2017 arrest in Rhode Island, which was fully dismissed in January 2018.

35. John Doe promptly complied with the consular officer's instructions and submitted certified court disposition records, a sealed disposition letter, and an FBI Identity History Summary on the same day as the interview.

36. After these documents were submitted, the Consulate issued an additional 221(g) request directing John Doe to complete a mental health evaluation by a panel physician. See **Exhibit B.**

37. John Doe complied with this request and completed the medical evaluation on August 12, 2025, after which he confirmed that the results were transmitted to the Consulate.

38. In the seven plus months since submission of the medical evaluation, the Consulate has not requested any additional documentation from Plaintiffs.

39. The Consular Electronic Application Center ("CEAC") reflects Plaintiffs' visa applications as "refused" and further states that "you will receive another adjudication once such processing is complete." See **Exhibit C**. This language confirms that no final decision has been made and that Defendants continue to withhold final adjudication of Plaintiffs' H-1B and H-4 visa applications.

40. All steps required of Plaintiffs in the visa adjudication process have been completed, and there is nothing further Plaintiffs can do to advance adjudication of their visa applications.

41. John Doe attempted to obtain updates regarding the status of the visa applications by contacting the Consulate on multiple occasions, including inquiries submitted on October 8, 2025 and January 8, 2026, but these inquiries produced no meaningful update regarding the status of the case.

42. In addition, the office of Congressman Gabe Amo contacted the Consulate on Plaintiffs' behalf to inquire about the status of the visa applications. In response, the consulate acknowledged that the application is still pending "necessary administrative processing" and that such processing causes a "major inconvenience." See **Exhibit D**.

43. As a result of Defendants' prolonged delay, Plaintiffs remain stranded abroad and unable to return to their home in the U.S.

44. The delay has caused substantial financial hardship to the family. John Doe has been unable to return to active employment with CVS Health and has therefore been unable to resume earning his regular salary.

45. The family has also incurred significant ongoing expenses while stranded abroad, including costs associated with maintaining property and belongings in the U.S. as well as medical expenses incurred during John Doe's treatment abroad.

46. The delay has also caused significant professional hardship to John Doe. As a Staff Data Engineer who has worked for CVS Health for more than twelve years, his absence has disrupted ongoing projects and required coworkers to assume his responsibilities.

47. John Doe's role includes architectural oversight and leadership of data engineering initiatives, and his absence has required redistribution of these responsibilities among other team members, increasing workload and affecting project continuity.

48. The delay has also caused serious medical hardship. John Doe experienced a cardiac medical event in July 2025 and has required ongoing medical monitoring and treatment while stranded outside the U.S.

49. Finally, the delay has imposed severe personal hardship on Plaintiffs' family because their U.S. citizen daughter, who has Autism Spectrum Disorder, has been separated from the specialized educational, medical, and therapeutic services she receives in Rhode Island through her IEP and related clinical support services.

50. Prior to Plaintiffs' departure from the U.S., their daughter received coordinated educational and behavioral services through the Cumberland School Department and private clinical providers. She participates in a structured special education program and receives speech-language and behavioral supports designed to address the developmental challenges associated with Autism Spectrum Disorder.

51. In addition, she has received behavioral therapy services for several years through a licensed clinician who has worked with her since approximately 2020. These services include applied behavioral analysis-based interventions and a behavior intervention plan designed to improve her social communication, behavioral regulation, and language development. Her providers report that she had made meaningful developmental progress through these interventions.

11

52. Because Plaintiffs have been unable to return to the U.S., their daughter has been separated from these critical therapeutic services and educational supports. Her treating clinician reports that the prolonged interruption in services has already resulted in increased maladaptive behaviors and regression in previously targeted treatment goals. See **Exhibit E**.

53. According to her clinician, maintaining continuity of behavioral intervention is urgently necessary to prevent further regression in social communication and behavioral regulation. Plaintiffs' inability to return to the U.S. and resume these structured services therefore places their daughter's developmental progress at serious risk. *Id*.

54. The interruption of these services and the prolonged separation from the family's established home, school, and clinical support network in Rhode Island has placed substantial emotional and developmental strain on Plaintiffs' family.

55. During the more than fourteen years that John Doe lived and worked in the U.S., he was issued multiple U.S. visas and repeatedly admitted to the country in lawful status. Each visa issuance and admission required review of his eligibility by U.S. immigration authorities. Throughout this time, John Doe maintained lawful status and complied with all U.S. immigration laws and requirements.

56. Despite Plaintiffs' full compliance with every request made by the Consulate Defendants have failed to complete adjudication of Plaintiffs' visa applications and continue to withhold a final decision.

## FIRST CLAIM FOR RELIEF
## 28 U.S.C. § 1361 – Writ of Mandamus

57. The foregoing paragraphs are incorporated herein by reference.

12

58. District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

59. Defendants owe a nondiscretionary duty to Plaintiffs, which requires that "all nonimmigrant visa applications **shall** be reviewed **and adjudicated** by a consular officer." 8 U.S.C. § 1202(d) (Emphasis added).

60. Congress' use of the word "shall" imposes a mandatory non-ministerial duty on consular officers to review, adjudicate, and issue visas. *Sierra Club v. E.P.A.*, 705 F.3d 458, 467 (D.C. Cir 2013) ("the word 'shall' …evidences a clear legislative mandate…").

61. The APA further requires agencies to "proceed to conclude a matter presented" to the agency "within a reasonable time." 5 U.S.C. § 555(b).

62. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005); *see also Patel*, 134 F.3d at 933 (duty to adjudicate an immigrant visa application).

63. Adjudication of Plaintiffs' visa applications is a purely ministerial, non-discretionary act which the Defendants are under obligation to perform in a timely manner; Plaintiffs have no alternative means to obtain adjudication of the visas, and their right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *see also First Federal Savings and Loan Ass'n of Durham*, 860 F.2d at 138; *Patel*, 134

F.3d at 933 ("[W]e find that the Consulate had a duty to act and that to date ... the Consulate has failed to act in accordance with that duty and the writ [of mandamus] should issue.").

64. Consular officers are required by law to act upon visa applications. See *Patel*, 134 F.3d at 923; *Raduga v. USA*, 440 F. Supp. 2d at 1146; *American Academy of Religion v. Chertoff*, 463 F.Supp.2d at 421. Additionally, the doctrine of consular non-reviewability does not apply to this case because the embassy has not yet made a decision and Plaintiffs are simply requesting the court to order the consulate to decide on the pending applications. "Normally a consular officer's discretionary decision to grant or deny a visa petition is not subject to judicial review. However, when the suit challenges the authority of the consul to take or fail to take action, as opposed to a decision taken within the consul's discretion, jurisdiction exists." *Raduga*, at 1146 ("The Court finds that Plaintiffs have sufficiently demonstrated Article III standing to bring this APA mandamus action."); *Vulupala v. Barr*, Civil Action No. 19-378 (ABJ) (D.D.C. Feb. 7, 2020)(holding consular non-reviewability did not apply to delayed H-1B nonimmigrant visa application because a 221(g) refusal is not final, and finding jurisdiction to review Plaintiff's APA claims); *Khanom v. Kerry,* 37 F. Supp. 3d 567, 577 n.10 (E.D.N.Y. 2015) (". . . the failure to take any action on a visa petition falls outside the doctrine of consular non-reviewability[.]")

65. Mandamus action is also proper because the Defendants have failed to act within a reasonable period of time. *See, e.g.*, *Liu v. Novak*, 509 F. Supp. 2d 1, 9 (D.D.C. 2007) (holding that the APA requires the government to act within a reasonable period of time); *see also Sierra Club v. Thomas*, 828 F.2d 783, 794 (D.C. Cir. 1987) (stating that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice").

66. Defendants have a clear, non-discretionary, and mandatory duty to adjudicate Plaintiffs' visa applications. There is no legal bar to doing so. Accordingly, they have a clear and indisputable right to have the visa applications adjudicated. No alternative remedy exists to compel action by Defendants.

**SECOND CLAIM FOR RELIEF**
**Administrative Procedure Act, 5 U.S.C. § 706(1) et seq.**

67. The foregoing paragraphs are incorporated herein by reference.

68. Pursuant to the APA, 5 U.S.C. § 555(b), Defendants have a nondiscretionary duty to act "within a reasonable time" upon a matter presented to it.

69. Pursuant to the APA, 5 U.S.C. § 706(1), a court may compel agency action unlawfully withheld or unreasonably delayed.

70. The Defendants have a mandatory duty to make a final decision on Plaintiffs' visa applications under 8 USC § 1202(d), which requires that "All nonimmigrant visa applications **shall** be reviewed **and adjudicated** by a consular officer." (Emphasis added).

71. "Adjudication" requires a final decision, not a temporary one. *See*: Black's Law Dictionary, 2nd Ed. - Definition of "adjudicate" - To settle in the exercise of judicial authority. To determine finally. Synonymous with adjudge in its strictest sense. *United States v. Irwin*, 127 U. S. 125, 8 Sup. Ct. 1033, 32 L. Ed. 99; *Street v. Benner*. 20 Fla. 700; *Sans v. New York*, 31 Misc. Rep. 559, 04 N. Y. Supp. 081.

72. Furthermore, the U.S. Supreme Court has established conditions that agency action must satisfy to be considered final. "First, the action must mark the consummation of the agency's decision making process—it must not be of a merely tentative or interlocutory nature." *Bennett v. Spear,* 520 U.S. 154, 178, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (internal

15

citations and quotation marks omitted). With respect to this first requirement, courts have advised that "[c]onsummation of a process does not occur where the process allows for additional events that can alter preliminary decisions." *Versata Dev. Corp. v. Rea*, 959 F. Supp. 2d 912, 924 (E.D. Va. 2013), aff'd sub nom. *Versata Dev. Grp., Inc. v. Lee*, 793 F.3d 1352 (Fed. Cir. 2015).

73. Here the Defendants' own communications to Plaintiffs make clear that adjudication has not yet occurred, and that no final decision can be made until the administrative processing is complete.

74. Congress has made clear what it considers a reasonable time for adjudicating visas. "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed **not later than 30 days** after the filing of the petition." See 8 U.S.C. § 1571 and (Pub. L. 106-313, title II, § 202, Oct. 17. 2000, 114 Stat. 1262.) This establishes a 30-day rule of reason for H-1B and H-4 visas, which the Defendants have failed to follow.

75. Defendants' failure to act violates the APA, 5 U.S.C. § 706(1), the INA and its implementing regulations, and agency policy. Because Defendants have failed to carry out their duties and obligations under the law and underlying regulations, thereby depriving Plaintiffs of their clearly-established rights, Plaintiffs are entitled to relief under the APA directing Defendants to adjudicate the visa applications forthwith.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully ask this honorable Court to issue judgment in their

favor and against all Defendants, and to grant the following relief:

    A. Issue a writ of mandamus directing Defendants to adjudicate Plaintiffs' visa applications within 30 days from the date of the order pursuant to the Court's mandamus authority;

    B. Issue an order pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1) et seq., directing Defendants to adjudicate Plaintiffs' visa applications within 30 days from the date of the order;

    C. Declare that the Defendants' continued failure to adjudicate Plaintiffs' visa applications constitutes agency action unlawfully withheld or unreasonably delayed;

    D. Enjoin Defendants from continuing the unlawful and unreasonable delay in adjudication;

    E. Retain jurisdiction over this action and any attendant proceedings until Defendants have in fact finally adjudicated Plaintiffs' visa applications, and communicated that fact to the Court;

    F. Award Plaintiffs reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

    G. Grant such further relief as this Court deems just and proper.

    Respectfully submitted,

    /s/ *Carl Hurvich*
    CARL HURVICH (Bar No. 9740)
    BROOKS LAW FIRM
    10 High St., Suite 3
    Medford, MA 02155
    Tel: (617) 245-8090
    Fax: (617) 245-8089
    carl@brookslawfirm.com

<u>/s/ *Jennifer E. Nimer*</u>
*JENNIFER E. NIMER (OH 0079475)
NIMER LAW LLC
6500 Emerald Pkwy, Suite 100
Dublin, OH 43016
Tel: 614-927-0270
Email: jnimer@nimerlaw.com
*Motion pro hac vice forthcoming*

**COUNSEL FOR PLAINTIFFS**
